TAYLOR HUDSON v. J. J. LONG.

(No. 2821, Op. Book No. 4, p. —.)

APPEAL from Bell County. Opinion by HURT, J.

§ 424. *Proceedings by distress; intervention; judgment by confession.* Hudson sued Long in justice's court for rents of certain premises in the town of Belton. A distress warrant was properly issued and levied upon certain goods. Wilson filed affidavit and bond for the trial of the right of property to said goods, and they were delivered to him. The papers were returnable to, and properly returned to, the county court. Hudson filed his petition in that court, and excepted to the plea of intervention of Wilson. His exceptions were sustained, and Wilson went out of the case. Long confessed judgment in his answer, but the court, of its own motion, dismissed plaintiff's suit. Plaintiff's motion to reinstate being overruled, Wilson, as appears by the record, comes to the front and excepts to the ruling of the court in dismissing Hudson's suit, and gives notice of appeal to this court. Hudson, upon learning of the condition of the record in regard to this matter, moved the court to correct the same, so as to show that he and not Wilson excepted and gave notice of appeal. This motion was overruled, and Hudson excepted and gave notice of appeal, and at last the case is properly before us at the instance of Hudson.

Did the court err in dismissing appellant's suit on its own motion? It appears from the record that the petition was not filed on or before the appearance day of the term of the court to which said papers were returnable. Was this necessary to give the court jurisdiction of the cause? We think not. Long, the defendant in the dis-

tress suit, upon this omission, could have complained, and at his instance the suit should have been dismissed.  But he had answered said petition in confessing judgment upon all of the matters therein alleged.  This being the case, the court should have rendered judgment for Hudson.  Because the court erred in dismissing appellant's suit, the judgment of dismissal is reversed, and judgment is here rendered in favor of Hudson against Long, as should have been rendered in the court below.

June 13, 1883.                    Reversed and rendered.